UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARADIGM JET MANAGEMENT INC.

       Plaintiff,

                                 Case No.:

vs.

BRE ENTERPRISES,LLC; JAMES HALPIN;
SELIM RUSI SR; AND SELIM RUSI JR.

       Defendant.

| | |
|---|---|
| VARNUM LLP | WILSON ELSER MOSKOWITZ |
| Steven Buquicchio (P62076) | EDELMAN & DICKER LLP |
| Bridgewater Place, 333 Bridge Street, N.W. | William S. Cook (P68934) |
| | Matthew J. High (P82783) |
| P.O. Box 352 | 17197 N. Laurel Park Drive, Suite 201 |
| Grand Rapids, MI 49501-0352 | Livonia, Michigan 48152 |
| (616) 336 - 6491 | 313.327.3100 p \| 313.327.3101 f |
| stbuquicchio@varnumlaw.com | william.cook@wilsonelser.com |
| *Attorneys for Plaintiff* | matthew.high@wilsonelser.com |
| | *Attorneys for Defendants* |

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §1446

Defendants, Bre Enterprises, LLC, James Halpin, Selim Rusi Sr., and Selim

Rusi Jr., by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker

LLP, submits this notice of removal in accordance with 28 U.S.C. §1446 and further state as follows:

1.     On February 20, 2024, plaintiff Paradigm Jet Management Inc. filed a breach of contract complaint in Muskegon County Circuit Court against defendants Bre Enterprises, LLC, James Halpin, and Selim Rusi Sr., and Selim Rusi Jr. (A copy of the complaint received by defendants is attached as *Exhibit A*.)

Basis for removal-diversity jurisdiction

2.     A defendant may remove a case from state court to federal court if a federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

3.     Federal courts have original jurisdiction based on diversity of citizenship if two requirements are met—the amount in controversy exceeds $75,000 and the dispute arises between citizens of different states or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). These requirements are satisfied here.

4.     Diversity of citizenship. Diversity of citizenship exists because Paradigm is a citizen of Michigan because it was incorporated in Michigan and its principal place of business is here. (*Ex. A* at ¶ 1).  Defendants, James Halpin, Selim Rusi Sr., and Selim Rusi Jr. are residents and citizens of New York. *Id.* at ¶ 3-5. Defendant Bre Enterprises, LLC is a Delaware corporation based in New York, so

2

it is a citizen of Delaware and New York. *Id.* at ¶ 3-5. There's diversity because *only* Paradigm is a Michigan citizen and none of the defendants are.

5.    There is complete diversity of citizenship among the parties based on 28 U.S.C. § 1332(a). Plaintiffs are citizens of Michigan, while defendants are citizens and residents of New York.

6.    <u>Amount in controversy</u>. Diversity jurisdiction further exists because the amount in controversy exceeds $75,000.

7.    Plaintiff's complaint only alleges "the amount in controversy is greater than $25,000," which is the jurisdictional requirement for a state circuit court action. (*Id.* at ¶9).

8.    However, as the court will see, plaintiff's alleged damages far exceed $25,000.

9.    Plaintiff's complaint alleges a damages total of $128.470.95 plus late fees of $6,423.54 for its count one breach of contract damages count against defendants. *Id*. at pg 6-7.

10.    Then, plaintiff's complaint alleges a damages total of $113,924.02 plus late fees of $5,696.20 for its count two breach of contract against Selim Rusi Sr. *Id*. at pg. 7-8.

11.     Plaintiff's complaint also alleges a damages total of $100,100.00 plus late fees of $5,005.00 for its count three breach of contract damages against Selim Rusi Jr. *Id*. at pg. 8-9.

12.      Plaintiff's complaint further alleges a damages total of $128.470.95 plus late fees of $6,423.54 for count four of quantum meruit/unjust enrichment against all defendants. *Id*. at pg. 9-10.

13.     Then, plaintiff's complaint alleges a damages total of $113,924.02 plus a late fee of $5,696.20 for count five quantum meruit/unjust enrichment against Selim Rusi Sr. *Id*. at pg. 10-11.

14.     Plaintiff's complaint also alleges a damages total of $100,100.00 plus late fees of $5,005.00 for count six quantum meruit/unjust enrichment against Selim Rusi Jr. *Id*. at pg. 11.

15.      In addition, plaintiff's complaint alleges count eight nsf checks against Selim Rusi Jr. for a damages total of $403,218.81 plus $30.00 in bank fees. *Id*. at ¶58.

16.      Finally, plaintiff alleges count nine against Selim Rusi Jr. for check fraud for the same amount above. *Id*. at ¶64.

17.     Given the numbers of claims and total of damages alleged, it is apparent the amount in controversy exceeds $75,000 exclusive of interest and costs.

18.    Based on the above, removal of the state court action to this court is proper under 28 U.S.C. §§ 1332(a)(2) and 1446(b) due to diversity of citizenship of all the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs.

Procedural matters

19.    <u>Removal is timely</u>. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The parties agreed defendants officially received a copy of the complaint on Thursday April 11, 2024. This Notice of Removal is therefore timely because it is filed within 30 days after defendants received the complaint.

20.    <u>Removal to proper court</u>. A defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff filed its state court lawsuit in Muskegon County, Michigan, which is within the judicial district of this court. 28 U.S.C. § 102(a)(1).

21.    <u>Pleadings and process</u>. Defendants have attached a copy of all pleadings and orders that have been served in the state court action as *Exhibit A*.

22.    <u>Service of state court notice</u>. Defendants will promptly serve plaintiff with this Notice of Removal and will also promptly file a copy of this Notice of Removal with the Muskegon County Circuit Court as required by 28 U.S.C. § 1446(d).

5

23.    All the requirements for removal of the state court action to this court under 28 U.S.C. § 1446 are met, this court's jurisdiction is established based on diversity of citizenship, and defendants remove this action from Muskegon County Circuit Court to the United States District Court Western District of Michigan.

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP

By: /s/ *Matthew J. High*
    William S. Cook (P68934)
    Matthew J. High (P82783)
    17197 N. Laurel Park Drive, Ste 201
    Livonia, Michigan 48152
    313.327.3100
    william.cook@wilsonelser.com
    matthew.high@wilsonelser.com
    *Attorneys for defendants*

Certificate of Service

The undersigned certifies that on May 10, 2024 this document was electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ Rhoda Haick

6